PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SERGIO VEGA SANTOS, Defendant and Appellant.

No. 5083.   Argued June 1, 1933.—Decided June 8, 1933.

*A. Fiol Negrón* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Sergio Vega Santos was twice convicted, first in a municipal court and later, after a trial *de novo,* in a district court. He says that both courts were without jurisdiction because of a defective jurat. The complaint was sworn to by a policeman, but the name of the magistrate was not stated in the jurat nor subscribed thereto in full. The jurat was signed, L.A.S. Objection to such a curable defect comes too late when made for the first time on appeal. *People* v. *Marrero,* 25 P.R.R. 542, and cases cited.

Appellant also says that the complaint did not state an offense. It charges a violation of section 95 of the Public Service Law, alleged to have been committed as follows:

". . . the accused Sergio Vega Santos who was driving car No. P-2151 was operating the same unlawfully, wilfully, and maliciously in the transportation of passengers for pay between the city of Ponce and its Playa along Hostos Avenue without having applied for and secured from the Public Service Commission of Puerto Rico a license expressly authorizing him to transport passengers between Ponce and its Playa along Hostos Avenue. The car above mentioned was being operated by him in the transportation of passengers for pay along the above mentioned road. It is a motor vehicle authorized to transport not more than seven passengers, and by operating the same in the said service he infringed the express regulation of the Public Service Commission of P. R., approved on April 18, 1929, by the said Commission and by virtue whereof the said Commission absolutely forbade the use of the said Hostos Avenue by motor vehicles authorized to carry not more than seven passengers, the said vehicle not being authorized by the Public Service Commission to be so operated, of which regulation the accused had been personally informed prior to the violation with which he is charged."

The order referred to reads in part as follows:

"Seeing the notification made by the holders of the certificates of necessity and convenience, by virtue of which an omnibus service is being operated between Ponce and its Playa and the Municipal Dock, bringing to the knowledge of this Commission that they had been obliged to suspend said service because of the impossibility to support for a longer time a ruinous competition that is being made

by the automobiles of public service that travel along the same route; seeing the statements made by the parties that appeared before this Commission today to the public hearing held about the matter;

"Considering that the situation created in Ponce requires an immediate and effective solution; considering that if the service of the guaguas of petitioners in this case is definitely suspended, the interests of the community and of the public in Ponce would not be duly protected or served by the automobiles of public service that up to this time have been operating the same service by the route of the petitioners; considering that practice has shown that the measures taken by this Commission to regulate the service of said automobiles of public service have resulted ineffectual and insufficient to better guarantee the interests of the public; and considering that the case of Ponce is one contemplated by the exception established in section 2 of the Rules for Motor Vehicles with authorized capacity for not more than seven passengers, approved June 20, 1926, by virtue of the foregoing provisions the Public Service Commission of Puerto Rico does hereby ORDAIN:

"To suspend, as it hereby suspends, definitively, the operation of any motor vehicle subject to the provisions of the aforementioned rules, in the route served by the petitioners in this case, to wit: From Puerto Viejo Street, going along Comercio Street, Hostos Ave., Salud Street, Cristina Street, Mayor Street, Estrella St., Victoria St., Unión St., Muñoz Rivera Square, Marina St. and Hostos Ave.

"That in order to have power to renew the service that the automobiles object of this order have been giving along that route, it will be required that they apply for and obtain of this Commission a certificate of necessity and convenience, in accordance with the statutory proceedings, which expressly authorize them to operate said service."

By the terms of section 95 of the Public Service Act, as amended in 1927 (Session Laws, p. 406):

"If any public-service person or company shall violate any of the provisions of this Act . . . or shall fail, omit, neglect or refuse to obey, observe and comply with any final direction, requirement, determination or order made by the commission; . . . such public-service company shall, upon conviction by a court of competent jurisdiction be fined not less than fifty (50) dollars nor more than one thousand (1,000) dollars for such violation, omission, failure, neglect or refusal."

Any natural person who engages in the business of transporting persons or freight over any land route in Puerto Rico is a public-service company as that term is defined by section 2 of the Public Service Act. Laws of 1917, Vol. II, p. 432.

Both the law and the complaint herein may be open to criticism but the law is not void because of uncertainty, as claimed by appellant, and the facts stated in the complaint constitute an offense.

The judgment appealed from must be affirmed.